# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Jerry Christopherson, )<br>  )<br>Plaintiff, )<br>  )<br>vs. )<br>  )<br>Carolyn W. Colvin, Acting )<br>Commissioner of Social Security, )<br>  )<br>Defendant. )<br>_____ ) | Civil Action No. 6:15-4725-JMC<br><br>**<u>ORDER</u>** |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), [ECF No. 24], filed on November 18, 2016, recommending that the decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claims for Supplemental Security Income ("SSI") be reversed under sentence four of 42 U.S.C. § 405(g), with a remand of the cause to the Commissioner. The Report sets forth the relevant facts and legal standards which this court incorporates herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Pursuant to 28 U.S.C. § 636(b) (1), within fourteen days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations.

1

Plaintiff has not filed any objections to the report. Defendant gave notice of not filing objections to Magistrate Judge McDonald's Report and Recommendation [ECF No. 19].

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis* 718 F. 2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the report results in a party's waiver of the right to appeal from the judgement of the district court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arm*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case. The court **ADOPTS** the magistrate judge's Report [ECF No. 19] and incorporates it herein by reference. For the reasons set out in the Report, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 13, 2016
Columbia, South Carolina

2